Metcalfe, J.
The questions in this case are raised by the demurrer to the petition. The action *387 is brought to recover compensation for the death of Edwin Roth, the claim having been» presented to the state industrial commission, and rejected.
A demurrer was filed to the petition and sustained by the trial judge, and the plaintiff not desiring to further plead judgment was entered against her upon the demurrer.
The facts as stated in the petition are, in brief, that Edwin Roth was employed by McFeely Bros., of Steubenville, as a common laborer; that he had worked for them as such for a considerable period of time; that while in their employ as such common laborer he was directed by his superior servant, an employe of McFeely Bros., who had the right to so direct him, to do some painting; that it was a cold day and the paint would not flow from the brush, and thereupon he was directed by his superior servant to take the paint to a shanty a short distance from where he was at work, where there was a fire, and heat it so that it would run; that he did as directed; that there was no ventilation in the shanty and the windows were closed; and that after heating the paint he inhaled its fumes and thereby contracted lead poisoning from which he subsequently died.
It is also averred that he had no previous experience as a painter, and no knowledge whatever of the effects of heating the paint, or of inhaling the fumes therefrom, which would cause lead poisoning.
It is contended that the facts stated in the petition show that the plaintiff’s intestate died of an occupational disease and not of a personal injury, that therefore the plaintiff would not be entitled *388 to recover, and that the case is ruled by the case of The Industrial Commission of Ohio et al. v. Brown, 92 Ohio St., 309, in which the supreme court recently held that the workmen’s compensation law, as it now stands, does not apply to occupational diseases.
Conceding that lead poisoning is an occupational disease to which painters are subject, and that in the case of one following the occupation of painting no recovery could be had under the workmen’s compensation law for injuries sustained thereby, does it follow that one ignorant of painting and of the liability to lead poisoning, placed through the negligence of his employer in a position where he contracts the disease solely through the negligence of the employer, is prevented from recovering because such negligence caused him to contract an occupational disease? The majority of us are inclined to think not.
The facts set forth in the petition state a case of negligence on the part of this young man’s employers. They were negligent in placing him in a position where he would inhale the fumes of the heated paint.
Can a liability be gotten rid of where negligence is the proximate cause simply because the disease contracted is a disease to which painters are subject? The proximate cause of the injury is the negligence of the employer. This young man was not a painter by • occupation; he was a common laborer; was entirely ignorant of the effects of inhaling the fumes of heated paint; and was doing a work to which he was wholly unused. Temporarily engaging in painting at the direction of his *389 ■superior officer does not make his occupation that of a painter. Can it be said that where a common laborer who knows nothing whatever of the effects of lead poisoning is placed by his employers in a position where, of necessity, he becomes exposed to lead poisoning, there can be no recovery because of the fact that he was injured by a disease to which painters are subject?
Suppose that he had been placed by his employers in a position where, by their negligence, he had contracted smallpox or some other contagious disease. Could there then be any doubt of his right to recover at common law, if he lived; or of his administrator to recover under the statute, if he died?
It seems to be inferred that a personal injury can only come through an act of violence; but this is not true. Has not one suffered “personal injury” when he is subjected to a disease which may injure him for life, or cause his death, just as much as when he has broken a leg? We do not think that the term “personal injury” as used in the statute is applicable only to acts of violence, but that it may include any consequence to the person- resulting from acts of negligence on the part of the employer; that is to say, where one is personally subjected to an injury, either by violence or disease, because of negligence, then the resulting harm is a personal injury.
We think this case is clearly distinguishable from The Industrial Commission of Ohio et al. v. Brown, supra. In that case the party injured was employed in an occupation that is subject to lead poisoning. It was his regular occupation, and not *390 a mere temporary incident while engaged in another occupation; which makes a wide difference in the two cases.
The judgment in this case is reversed.

Judgment reversed.

Spence, J., concurs.
Pollock, J., dissents.